ROBERT M. and KELLY A. KENNEDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE
Kennedy v. Commissioner
Docket No. 22932-85.
United States Tax Court
T.C. Memo 1987-430; 1987 Tax Ct. Memo LEXIS 427; 54 T.C.M. (CCH) 332; T.C.M. (RIA) 87430; August 27, 1987; As amended September 1, 1987 Robert M. and Kelly A. Kennedy, pro se. Gary D. Borek, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in and additions to petitioners' income taxes as follows: Additions To Tax
Section
Section
Section
Section
Year
Deficiency
6651(a) [1]
6653(a)
6653(a)(2)
6661
1980
$ 19,335.90
--
$   966.80
--
--
1981
$ 39,664.10
$  3,966.41
2,004.31
50% of interest
--
due on
$ 39,664.10
1982
$ 45,369.40
$ 11,342.35
$ 2,313.97
50% of interest
$ 4,536.94
due on
$ 45,369.40
*428 Due to concessions, [2] the only issues for decision are: (1) whether petitioners maintained a "tax home" during the taxable years in issue and are, therefore, entitled to travel expense deductions under section 162 and (2) whether any part of the deficiencies in petitioners' income tax for the years in issue was and regulations within the meaning of section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and the exhibits associated therewith are incorporated herein by reference. The parties have stipulated that for the purposes of determining venue on appeal, if any, petitioners resided in Endwell, New York, at the time they filed the *429 petition herein. They filed untimely joint income tax returns for the years 1980, 1981 and 1982 with the Internal Revenue Service Center at Memphis, Tennessee. Petitioners lived in Canada for the first few months of 1980. In March 1980, Robert Kennedy ("Kennedy" or "petitioner") purchased a Peterbilt tractor which he drove to Indianapolis, Indiana to attend the Mayflower Truck Drivers School. After successfully completing this school, petitioner entered into a contract to drive tractor trailers in interstate commerce for Aero Mayflower Transit Co., Inc. ("Mayflower"), an Indiana corporation with its principal place of business at Carmel, Indiana. Upon the advice of an attorney and their accountant, Patrick Largie ("Largie"), petitioners organized a corporation, R.M.K. Trucking Co., Inc. ("R.M.K."), purportedly to perform the trucking services required of Kennedy under his contract with Mayflower. The trucking business was incorporated primarily to limit petitioners' exposure to personal liability and secondarily for income tax purposes. R.M.K. entered into a contract with Kennedy to perform the obligations created under Kennedy's contract with Mayflower but Mayflower made *430 payments during the years at issue to Kennedy for the services rendered rather than to R.M.K. During the years 1980, 1981 and 1982, petitioner, Kelly A. Kennedy, was also a licensed truck driver and traveled with her husband, petitioner Robert M. Kennedy, as they drove the tractor about the entire country for Mayflower. As a result both petitioners spent most of the years 1980, 1981 and 1982 on the road, and while on the road, spent the following sums of money for food and lodging: Year
Food and Lodging
1980
$ 6,801
1981
8,354
1982
9,039
Since petitioners were spending most of their time on the road, they agreed not to purchase a home or rent an apartment. Instead, they entered into an oral arrangement with Kennedy's aunt under which they had the exclusive use of one bedroom and the right to share the use of other areas of her home in Endicott, New York, with the aunt and her daughter. During the years in issue, petitioners spent a total of thirty nine days at this house and were not expected to and did not make any payments to Kennedy's aunt for their use of part of her house. Petitioners did not pay any New York state income taxes for *431 1980, 1981 or 1982 and they were not registered to vote in New York during such years. They did maintain a checking account in the name of R.M.K. in Endicott, New York, at the Endicott Trust Company. For business purposes and convenience, petitioners registered their tractor trailer in Indiana, maintained Indiana driver's licenses, were members of a local union in Indianapolis and maintained a personal checking account with the Fidelity Bank in Indianapolis. The Federal income tax returns of petitioners and R.M.K. for the taxable years in issue were prepared by Largie. Mayflower's payments to petitioners were reported on R.M.K.'s income tax return, as well as the interest income earned by petitioners of $ 84 in 1980, $ 289 in 1982 and $ 699 in 1982. Neither the business income nor the interest income was reported by petitioners on their individual income tax returns. Petitioners have conceded that R.M.K. is to be disregarded for tax purposes and that all of the income reported on R.M.K.'s income tax returns is includible in their gross income. They contend, however, that they are entitled to deduct their away from home expenses of $ 6,801 in 1980, $ 8,354 in 1982, and $ 9,039 *432 in 1982. While conceding the amount of such expenses, respondent contends that they are not deductible because petitioners have failed to establish that they were away from home. OPINION
Away From Home Expenses.
Section 162(a)(2) allows a deduction for "traveling expenses * * * while away from home in the pursuit of a trade or business." To qualify for the deduction, a taxpayer must meet three conditions: (1) The expenses must be ordinary and necessary; (2) the expenses must have been incurred while petitioners were "away from home;" and (3) petitioners must have incurred the expenses in pursuit of a trade or business. ; , affg. . Respondent does not contend that petitioners have failed to satisfy the first and third tests. He merely contends that petitioners have failed to establish that they were "away from home" when they incurred the expenses. The existence of a tax home is a factual question on which petitioners have the burden of proof. ; *433 Rule 142(a). As a general rule, a taxpayer's "tax home" is at the location of his principal place of business. . Where the taxpayer has no principal place of business he may treat any permanent place of residence at which he incurs substantial continuing living expenses as a tax home. . However, if the taxpayer has neither a principal place of business nor such a permanent residence, he has no tax home from which he can be away. In such cases, his home is wherever he happens to be. , affg. a Memorandum Opinion of this Court; , cert. denied ; ; , affd. without published opinion. While the subjective intent of a taxpayer is to be considered in determining whether he has a tax home, for purposes of section 162(a)(2), we must give greater weight *434 to financial transactions related to the alleged home because the underlying purpose of the section is to provide some relief to a taxpayer who incurs "substantial continuing expenses" of a home which have to be duplicated by business travel away from the home on a temporary basis. . Petitioners do not argue that they had a principal place of business. In fact, from the record as a whole it is apparent that their principal place of business was in the cab of their tractor as it moved about the country. Consequently, we must determine whether, as they insist, they maintained a home in Endicott where they incurred "substantial continuing expenses." Our findings, however, are that during the three years under consideration petitioners spent a total of only thirty nine days in the home of Kennedy's aunt at Endicott, that during such period they paid her no rent, and that the record contains no evidence of their having paid any other living expense in Endicott such as for utilities, telephone, or even groceries. Therefore, petitioners have failed to establish that they had any "substantial continuing expenses" in Endicott which duplicated *435 the expenses they incurred on the road. Consequently we are unable to conclude from this record that they had a "tax home" at Endicott during the years in issue or that they are entitled to deduct any part of their expenses for food and lodging while on the road away from Endicott. See Additions to Tax Under Section 6653(a)
Respondent contends that petitioners are liable for the addition to tax for negligence or the intentional disregard of rules or regulations because they failed to report their interest income or their individual returns and because they failed to provide their accountant with complete and accurate information. Petitioners contend that they are not liable for the negligence addition because in the preparation of their returns they relied upon their accountant. Under the circumstances of this case, we agree with petitioners. First, observation of petitioners and their conduct and demeanor at trial clearly indicates that they are young and relatively inexperienced individuals who have little if any business or bookkeeping experience. Second, the record as a whole clearly indicates that they incorporated *436 their trucking business upon the erroneous advice of Largie whom they had reason to believe was a duly licensed accountant; that Largie prepared both the individual and the corporate income tax returns; that at the time the returns were prepared Largie was aware of the nature and amount of the payments received by petitioners from Mayflower as well as their interest income; and that Largie incorrectly reported the payments from Mayflower and the interest income on the corporate returns rather than the individual returns. Accordingly, we hold for petitioners on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided. ↩
2. Among other concessions, respondent concedes that petitioners are not liable for the addition to tax for 1982 under section 6661 and petitioners concede that they are liable for the additions to tax for 1981 and 1982 under section 6651(a). ↩